**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 17-cv-20427-JAL

RAFAELA ANTONIA FLORES,

    Plaintiff,

v.

FARM STORES, and AWAN A. MOHD,

    Defendants.
_____/

**FIRST AMENDED COMPLAINT**

COMES NOW, the Plaintiff, RAFAELA ANTONIA FLORES (hereinafter "FLORES"), by and through her undersigned counsel, and files this First Amended Complaint to correct the name of the Defendant Corporation FARM FOOD STORE, INC d/b/a FARM STORES by removing FARM FOOD STORE, INC d/b/a.  As such FLORES files this First Amended Complaint against Defendants FARM STORES (hereinafter "FARM STORES") and AWAN A. MOHD (hereinafter "MOHD"), individually, for violations of the Fair Labor Standards Act ("FLSA") and, in support thereof, states as follows:

    1.    This is an action brought by Plaintiff under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

    2.    FLORES is over the age of 18 and resides in Miami-Dade County, Florida.

    3.    Plaintiff is or was a covered, non-exempt employee under the federal wage and hour laws, and is entitled to overtime pay consistent with the requirements of these laws.

4. Defendant, FARM STORES, at all relevant times, was a Florida corporation with many store locations across the state. The store where Plaintiff worked is located at 2540 Miami Gardens Drive, Miami, FL 33180.

5. The Defendants' business activities involve those to which the FLSA applies.

6. The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

7. The Plaintiff's work for the Defendants was in and/or closely related to the movement of commerce while he worked for the Defendants.

8. The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce.

9. Defendant, FARM STORES, at all times relevant to this action was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, at all relevant times to this action the annual gross sales volume of the Defendant exceeded $500,000.00 per year.

10. The individual Defendant MOHD is a corporate officer and/or owner and/or manager of the Corporate Defendant, FARM STORES.

11. The individual Defendant MOHD ran and/or assisted in the running of day-to-day operations of Corporate Defendants at all relevant times alleged within this complaint.

12. The individual Defendant MOHD was responsible for paying FLORES' wages for the relevant times alleged in this complaint.

13. The individual Defendant MOHD was FLORES' employer as defined by 29 U.S.C. 203(d).

14. Defendants violated the FLSA by failing to pay Plaintiff overtime compensation and for retaliating against Plaintiff for her complaints and objections to Defendants' unlawful acts.

15. All of the relevant events alleged in this complaint occurred in Miami-Dade County.

## COMMON FACTUAL ALLEGATIONS

16. From approximately 1999 through December 16, 2016, FLORES worked for FARMS STORES as a cashier.

17. FLORES worked for FARM STORES for 18 years without incident until new management/owners took over on or about August 12, 2015.

18. The new management/owners wanted to pay Plaintiff $6.50 per hour, a rate below both the Federal and State minimum wage. Defendants also stopped paying her properly for overtime—Plaintiff complained and objected to the aforementioned unlawful activities of Defendants.

19. After her complaints and objections were made, FARM STORE's falsely accused Plaintiff of stealing money and immediately terminated her even though the onsite cameras proved she was innocent.

20. During the span of Plaintiff's employment by Defendants, Plaintiff worked for the Defendant in excess of forty (40) hours within a work week.  Plaintiff should have been

compensated at the rate of one and one-half times their regular rate for the hours worked in excess of forty (40) hours per week as required by the FLSA.

21. Specifically, from on or about August 12, 2015 through on or about December 16, 2016, Plaintiff worked on average 55 hours per week at a rate of $10.00 per hour. However, Plaintiff was never paid the time and a half rate for all hours worked over 40 as required by the FLSA. Therefore, Plaintiff is claiming the time and a half rate for all hours worked over 40 during the relevant time period.

22. Defendants permitted Plaintiff to work more than forty (40) hours per weeks without receiving proper overtime compensation for all of her hours worked.

23. Defendants failed to appropriately track the hours worked by Plaintiff. This practice resulted in inaccurate time keeping as Defendants failed to properly track and maintain records as to hours worked by the Plaintiff.

24. Defendants knew, or should have known, that Plaintiff worked unpaid overtime hours.

25. Defendant's conduct is willful and in bad faith and has caused significant damages to the Plaintiff.

## COUNT I

### FAIR LABOR STANDARDS ACT OVERTIME VIOLATION

26. Plaintiff re-alleges and incorporates all the allegations contained within Paragraphs 1 through 22.

27. This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

28.     Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216 (b).

29.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate. . . ."

30.     Specifically, from on or about August 12, 2015 through on or about December 16, 2016, Plaintiff worked on average 55 hours per week at a rate of $10.00 per hour.  However, Plaintiff was never paid the extra half time rate for all hours worked over 40 as required by the FLSA.  Therefore, Plaintiff is claiming the extra half time rate for all hours worked over 40 during the relevant time period.

31.     This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*  As a result, Plaintiff has suffered a loss of wages.

32.     Defendants willfully and intentionally refused to pay FLORES' overtime wages as required by the FLSA as Defendants knew of the Federal Overtime Wage requirements of the FLSA and recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

33.     Defendants also failed to properly record Plaintiff's overtime hours.  By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants failed to make, keep, and preserve records with respect to its employee sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

WHEREFORE, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above,

to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances.

## COUNT II

## RETALIATION

34. Plaintiff re-alleges and incorporates all the allegations contained within Paragraphs 1 through 22.

35. The FLSA, specifically 29 U.S.C. §215(a)(3), makes it unlawful to discharge or otherwise retaliate against any employee who has complained about any violation of the FLSA, including any failure to properly pay overtime compensation.

36. Plaintiff engaged in protected activity under the FLSA by complaining to members of FARM STORE's management of the fact that she was not being paid the full time and half overtime pay for her overtime hours.

37. Plaintiff further objected to FARM STORE's desire to reduce her pay to $6.50 as this is below both Federal and State minimum wage.

38. After her complaints and objections were made, FARM STORE's falsely accused Plaintiff of stealing money and immediately terminated her even though the onsite cameras proved she was innocent.

39. 20. Defendants unlawfully retaliated against Plaintiff for her complaints and objections to the failure to pay her the full overtime and for objecting to being paid below minimum wage.

40. 21. Defendants' conduct as alleged hereinabove constituted unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

41. 22. As a direct and proximate result of Defendants' unlawful retaliation and termination of Plaintiff, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future,

including lost back pay and lost benefits, front pay, and compensatory damages for, among other things, emotional distress, mental anguish, humiliation, and loss of dignity.

42.     23. Defendants' actions described herein were undertaken willfully, maliciously, and in reckless disregard for Plaintiff's rights under the law.

43.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all compensatory and back pay/lost benefits damages allowed under the FLSA, front pay, liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury for all triable issues as of right.

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, Second Floor
Miami, FL 33126
(305)547-1234 – Telephone
(305)266-1151 – Facsimile
Primary Email: amorgado@coronapa.com
2nd Email: crm@coronapa.com

**By: /s/ Allyson Morgado, Esq.**
Ricardo Corona, Esq.,
FBN 111333
Allyson Morgado, Esq.
FL Bar No.: 91506